UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

ALONZO SHAFFER,

           Plaintiff,

v.

COUNTY OF ST. JOSEPH et al.,

           Defendants.
_____/

Case No. 1:22-cv-564

Honorable Robert J. Jonker

## **OPINION**

This is a civil rights action brought by a former detainee under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 4.) This matter is proceeding upon Plaintiff's amended complaint.[1] (ECF No. 5.) The Court is required to dismiss the action if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim against Defendants St. Joseph County and St. Joseph County Sheriff Department, and against Defendant Kindig for failing to provide a wheelchair. Plaintiff's excessive force claims against Defendants Kindig and Mohney remain in the case.

---

[1] A party may amend once as a matter of course before a responsive pleading is served. *See* Fed. R. Civ. P. 15(a).

**Discussion**

I. **Factual Allegations**

Plaintiff was previously detained at the St. Joseph County Jail in Centreville, Michigan. The events about which he complains occurred at that facility. Plaintiff sues St. Joseph County, the St. Joseph County Sheriff Department, and Correctional Officers Unknown Kindig and Unknown Mohney.

Plaintiff alleges that on October 11, 2019, he was "lodged" at the St. Joseph County Jail when he was assaulted by Defendants Kindig and Mohney. (ECF No. 5, PageID.11.) He avers that Defendants Kindig and Mohney ordered him to walk to the other side of the jail, but that he was unable to move because of pain. (*Id.*) Plaintiff was sitting "in front of [the] booking window" and asked for a wheelchair. (*Id.*) Defendants Kindig and Mohney yelled, "This is our jail," and proceeded "to rush" Plaintiff. (*Id.*) Plaintiff contends that individuals on the other side of the booking window watched while Defendants Kindig and Mohney assaulted him. (*Id.*) Plaintiff "screamed out" to other personnel, but Defendants Kindig and Mohney continued to attack him. (*Id.*) He avers that Defendant Kindig "snatch[ed] him" and dragged him across the hard floor, slamming him into it. (*Id.*) Plaintiff contends that as a result, he suffered "spinal injuries, nerve damage, [and] emotional distress." (*Id.*) Plaintiff contends that Defendant Kindig violated his constitutional rights by denying him use of a wheelchair and by using excessive force against him. (*Id.*, PageID.12.) Plaintiff contends that Defendant Mohney violated his constitutional rights by using excessive force against him. (*Id.*) He seeks damages as relief. (*Id.*)

II. **Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a

2

complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

    **A.**    **Claims Against St. Joseph County and St. Joseph County Sheriff Department**

As noted *supra*, Plaintiff has sued both St. Joseph County and the St. Joseph County Sheriff Department. Sheriff's departments, however, are not legal entities subject to suit under § 1983.

3

*See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995). The Sheriff's Department is simply an agency of St. Joseph County. *See Vine*, 884 F. Supp. at 1158. Plaintiff's claims against the St. Joseph County Sheriff Department will, therefore, be dismissed.

Plaintiff alleges that St. Joseph County is liable because it employed Kindig and Mohney and "because of its customs." (Am. Compl., ECF No. 5, PageID.12.) St. Joseph County cannot be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the county. *See Monell*, 436 U.S. at 690. Moreover, the Sixth Circuit has explained that a custom "for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.*

Plaintiff makes the conclusory allegations that the "County [is] also liable because of its customs, which led to this complaint of violation." (Am. Compl., ECF No. 5, PageID.12.) But Plaintiff's complaint is completely devoid of any allegations of fact suggesting that his alleged

constitutional injury was a result of a St. Joseph County official policy or custom. Thus, the Court will dismiss Plaintiff's claims against St. Joseph County. *See Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff's allegation of custom and policy was conclusory, and plaintiff failed to state facts supporting the allegation).

### B. Claims Against Defendants Kindig and Mohney

#### 1. Excessive Force

Plaintiff alleges that Defendants Kindig and Mohney used excessive force against him on October 11, 2019. Claims of excessive force are governed by the provisions of the Fourth, Eighth, and Fourteenth Amendments, depending upon where in the criminal process the use of force occurs. For convicted prisoners, the Eighth Amendment's ban of cruel and unusual punishment governs the use of excessive force. *See Wilkins v. Gaddy,* 559 U.S. 34, 37–39 (2010). For pretrial detainees, the protection against the use of excessive force is afforded by the Fourteenth Amendment's Due Process Clause. *See Kingsley v. Hendrickson*, 576 U.S. 389, 392–93 (2015); *see also Westmoreland v. Butler Cnty., Ky.*, 29 F.4th 721, 727 (6th Cir. 2022), *reh'g en banc denied*, 35 F.4th 1051 (6th Cir. 2022). Finally, the Fourth Amendment protects against the use of excessive force against someone "in the course of an arrest, investigatory stop, or other 'seizure.'" *Graham v. Connor*, 490 U.S. 386, 395 (1989). Fourth Amendment protections apply for "one who has been arrested but has not yet received a judicial determination of probable cause, either through an arrest warrant or a post-arrest probable cause hearing." *Colson v. City of Alcoa, Tenn.*, 37 F.4th 1182, 1187 (6th Cir. 2022) (citing *Aldini v. Johnson*, 609 F.3d 858, 866 (6th Cir. 2010)).

It does not appear that Plaintiff was a convicted prisoner at the time of the events alleged in his complaint. Moreover, the complaint is devoid of facts that would permit the Court to conclusively determine whether Plaintiff was an arrestee or a pretrial detainee on October 11, 2019,

5

when he alleges the use of excessive force occurred. Plaintiff contends that Defendants Kindig and Mohney used excessive force by "rushing" him, dragging him across the hard floor, and slamming him into the floor. (ECF No. 5, PageID.11.) Regardless of which constitutional provision applies, Plaintiff has set forth plausible excessive force claims against Defendants Kindig and Mohney at this time.

### 2. Indifference to Medical Needs

Plaintiff also suggests that Defendants Kindig and Mohney violated his constitutional rights by showing "deliberate indifference to [his] medical needs" by refusing to provide a wheelchair. (ECF No. 5, PageID.12.) Claims concerning indifference to medical needs are governed by the provisions of the Eighth and Fourteenth Amendments, depending on the status of the plaintiff in question. The Eighth Amendment mandates the provision of medical care to convicted prisoners. *See Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Fourteenth Amendment's Due Process Clause, however, governs claims concerning adequate medical care "arising out of events as early as the time of apprehension by police . . . and as late as the period of pretrial detention." *See Colson*, 37 F.4th at 1187 (citations omitted).[2]

An officer violates the Fourteenth Amendment's Due Process Clause by demonstrating "deliberate indifference to [a pretrial detainee's] serious medical needs." *Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022) (citing *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566 (6th Cir. 2020)). The Sixth Circuit Court of Appeals recently explained:

> Reading *Farmer*, *Kingsley*, *Brawner*, and *Greene* together, a plaintiff must satisfy three elements for an inadequate-medical-care claim under the Fourteenth Amendment: (1) the plaintiff had an objectively serious medical need; (2) a reasonable officer at the scene (knowing what the particular jail official knew at the time of the incident) would have understood that the detainee's medical needs subjected the detainee to an excessive risk of harm; and (3) the prison official knew

---

[2] In *Colson*, the Sixth Circuit explicitly clarified that "there is no Fourth Amendment right to medical care." *Colson*, 37 F.4th at 1189.

      that his failure to respond would pose a serious risk to the pretrial detainee and ignored that risk. This third inquiry faithfully applies *Kingsley*, 576 U.S. at 396, 135 S.Ct. 2466 (recognizing that liability for a constitutional tort, even one that includes an objective inquiry, must still be "purposeful or knowing" and that criminal "recklessness" might suffice (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 849, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998))), ensuring that there is a sufficiently culpable mental state to satisfy the "high bar" for constitutional torts grounded in a substantive due process violation. *Cf. Doe v. Jackson Loc. Sch. Dist. Bd. of Educ.*, 954 F.3d 925, 932 (6th Cir. 2020).

*Trozzi v. Lake Cnty., Ohio*, 29 F.4th 745, 757–58 (6th Cir. 2022). The first element—an objectively serious medical need—is the same in Eighth Amendment and Fourteenth Amendment claims. *See, e.g., Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 591–97 (6th Cir. 2021) (noting: (1) that historically Eighth and Fourteenth Amendment claims were analyzed under the "same rubric," and (2) *Kingsley* impacted **the subjective element** of a pretrial detainee's deliberate indifference claim); *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022) ("*Brawner* left the 'objectively serious medical need' prong untouched.").

      To satisfy the objective "seriousness" element of his claim, Plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g., Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d

7

868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

Plaintiff contends that he asked for a wheelchair to get to the other side of the jail. Plaintiff also states that he "could not move due to pain . . . ." (Am. Compl., ECF No. 5, PageID.11.) Plaintiff does not explain why he was suffering pain, he does not indicate that he told anyone that he was suffering pain such that he could not move, and he does not allege that his pain or his inability to move was obvious. All he alleges is that he asked for a wheelchair. Plaintiff fails to allege any facts from which the Court might infer the nature of his medical need, much less infer that the need clearly required medical treatment. Accordingly, Plaintiff has failed to state a Fourteenth Amendment "deliberate indifference" claim relating to Defendant Kindig's refusal of a wheelchair.

## **Conclusion**

Having conducted the required review, the Court determines that Defendants St. Joseph County and St. Joseph County Sheriff Department will be dismissed for failure to state a claim, under 28 U.S.C. § 1915(e)(2). The Court also concludes that Plaintiff fails to state a claim against Defendant Kindig relating to the refusal to provide a wheelchair. Plaintiff's claims against Defendants Kindig and Mohney for the use of excessive force remain in the case.

An order consistent with this opinion will be entered.

Dated:     August 19, 2022              /s/ Robert J. Jonker
                                                                       Robert J. Jonker
                                                                       United States District Judge