UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALONZO SHAFFER,

                    Plaintiff,                                   Hon. Robert J. Jonker

v.                                                              Case No. 1:22-cv-564

UNKNOWN KINDIG, et al.,

                    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Summary Judgment. (ECF No. 53).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

## BACKGROUND

Plaintiff initiated this action against Berrien County, St. Joseph County, the St. Joseph County Sheriff Department, and two correctional officers, Unknown Kindig and Unknown Mahoney.   (ECF No. 1).   Plaintiff subsequently amended his complaint, foregoing his claims against Berrien County.   (ECF No. 5).   On August 19, 2022, the Court dismissed all of Plaintiff's claims save his use of excessive force claims against Defendants Kindig and Mahoney.   (ECF No. 8-9).   Plaintiff now moves for summary judgment.   Defendants have not yet responded to Plaintiff's motion, however, given the patent deficiencies in Plaintiff's motion, the Court finds that no response from

-1-

Defendants is necessary.    The Court likewise finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).    Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."    *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."    *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).    Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."    *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).    The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient.    *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts."    *Amini*, 440 F.3d at 357.    The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant

probative evidence" establishing that "there is a genuine issue for trial."   *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).   Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof."   *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."   *Daniels*, 396 F.3d at 735.   Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle."   *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).   Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Plaintiff supports his request for summary judgment with a single page pleading. Plaintiff has presented no evidence in support of his motion.   As for argument, Plaintiff merely asserts that he has "presented multiple exhibits of factual evidence to support" his motion.   Plaintiff fails, however, to identify the evidence or exhibits to which he refers.   In sum, Plaintiff has failed to establish that he is entitled to the relief sought. Accordingly, the undersigned recommends that Plaintiff's motion be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Summary Judgment, (ECF No. 53), be denied.   For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous.   *Coppedge v. United States*, 369 U.S. 438, 445 (1962).   Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).    Failure to file objections within the specified time waives the right to appeal the District Court's order.    *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: December 22, 2022                      /s/ Phillip J. Green
                                             PHILLIP J. GREEN
                                             United States Magistrate Judge

-5-