UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALONZO SHAFFER,

        Plaintiff,                                   Hon. Robert J. Jonker

v.                                                      Case No. 1:22-cv-564

UNKNOWN KINDIG, et al.,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Summary Judgment (ECF No. 74), Defendants' Motion to Dismiss (ECF No. 75), and Defendants' Motion for Summary Judgment (ECF No. 79). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied, Defendants' motion to dismiss be granted in part and denied in part, Defendants' motion for summary judgment be granted, and this action terminated.

**BACKGROUND**

Plaintiff initiated this action against Berrien County and two individuals, Unknown Kindig and Unknown Mohney. (ECF No. 1). Plaintiff subsequently amended his complaint, dismissing Berrien County and adding St. Joseph County and the St. Joseph County Sheriff's Department as defendants. (ECF No. 5). Several of Plaintiff's claims were dismissed on screening. (ECF No. 8). At this juncture, the only

-1-

claims remaining are that Defendants Kindig and Mohney subjected Plaintiff to excessive force during an incident at the St. Joseph County Jail. (*Id.*).

Plaintiff now moves for summary judgment. Defendants have moved to dismiss Plaintiff's remaining claims for failure to participate in discovery and, furthermore, moved for summary judgment. Defendants have responded to Plaintiff's motion. Plaintiff, however, has failed to respond to Defendants' motions. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-

moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).

Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

### I. Plaintiff's Motion for Summary Judgment

Plaintiff supports his request for summary judgment with a single page pleading. Plaintiff has presented no evidence in support of his motion. As for argument, Plaintiff merely asserts that "facts have been successfully submitted truthfully" and that, therefore, he is entitled to relief "as [a] matter of fact [and] [a] matter of law." (ECF No. 74). Plaintiff fails, however, to identify the evidence or exhibits to which he refers. In sum, Plaintiff has failed to establish that he is entitled to the relief sought. Accordingly, the undersigned recommends that Plaintiff's motion be denied.

### II. Defendants' Motion for Summary Judgment

In his amended complaint, Plaintiff alleges the following. On October 11, 2019, Plaintiff was transported to the St. Joseph County Jail.[1] At some point, Defendants Kindig and Mohney instructed Plaintiff to move to a different location. Plaintiff was

---

[1] At his deposition, Plaintiff clarified that the events giving rise to this action occurred on October 12, 2019. (ECF No. 79-4 at PageID.310).

-4-

unable to comply with this request, however, due to "pain" and "inability." When Plaintiff asked for a wheelchair, Defendants Kindig and Mohney responded by "painfully rushing snatching dragging slamming [him] across a hard Sheriff Department floor." These actions caused Plaintiff to suffer "spinal injuries, nerve damage, [and] emotional distress." Plaintiff alleges that Defendants' action violated his right to be free from the use of excessive force.

Claims of excessive force asserted by individuals "in the criminal justice system" are analyzed pursuant to different constitutional provisions depending on the individual's status within that system. *See, e.g., Hale v. Boyle County*, 18 F.4th 845, 852 (6th Cir. 2021). An arrestee's claims are analyzed under the Fourth Amendment; claims by pretrial detainees are analyzed under the Fourteenth Amendment; and claims by convicted prisoners are assessed under the Eighth Amendment. *Ibid.* Defendants argue that, because Plaintiff was a pretrial detainee, his excessive force claim must be analyzed under the Fourteenth Amendment. The Court only partly agrees.

On October 12, 2019, Plaintiff was arrested and charged with Domestic Violence. (ECF No. 79-2 at PageID.295; ECF No. 79-4 at PageID.310). Plaintiff was then taken to the St. Joseph County jail for processing. (ECF No. 79-2 at PageID.294; ECF No. 79-4 at PageID.310). It was during the attempt to process Plaintiff into the jail that the events giving rise to Plaintiff's excessive force claims occurred. (ECF No. 79-4 at PageID.310-12).

Whether Plaintiff was considered an arrestee or a pretrial detainee when these events occurred turns on the basis for Plaintiff's detention. If Plaintiff was arrested pursuant to a "judicially approved warrant," he would properly be considered a pretrial detainee. *See Guy v. Metropolitan Government of Nashville and Davidson County, Tennessee*, 687 Fed. Appx. 471, 474 n.3 (6th Cir., Apr. 25, 2017). On the other hand, if Plaintiff's arrest was not supported by an arrest warrant, and he had not yet been afforded a probable cause hearing, he is properly considered an arrestee. *Ibid.* The record indicates that Plaintiff was arrested based upon the results of an on-scene investigation conducted by law enforcement following a report of a domestic disturbance. (ECF No. 79-4 at PageID.310). Thus, the Court finds that Plaintiff's excessive force claims are analyzed by reference to the Fourth Amendment.[2]

Fourth Amendment excessive force claims are analyzed pursuant to an "objective reasonableness test, looking to the reasonableness of the force in light of the totality of the circumstances confronting the defendants, and not to the underlying intent or motivation of the defendants." *Williams v. Maurer*, 9 F.4th 416, 438 (6th Cir. 2021). This standard "contains a built-in measure of deference to the officer's on-the-spot judgment about the level of force necessary in light of the circumstances of the particular case." *Id.* at 439. Moreover, the reasonableness of an officer's use of force "must be

---

[2] Ultimately, however, whether Plaintiff is considered an arrestee or a pretrial detainee, his excessive force claims are analyzed pursuant to the same objective standard. *See, e.g., Hale*, 18 F.4th at 852.

judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Cunningham v. Shelby County, Tennessee*, 994 F.3d 761, 766 (6th Cir. 2021).

In support of their motion, Defendants have submitted affidavits, an incident report,[3] videos of the incident, and portions of Plaintiff's medical records. (ECF No. 79, Exhibits A-E, G-N). This evidence reveals the following.

Upon arriving at the jail, Plaintiff claimed that he was "unable to walk" without a cane. Because a cane could be employed as a weapon, however, Plaintiff was not allowed to use his cane inside the jail. Plaintiff was nevertheless able to walk into the processing area without assistance or apparent difficulty. After entering the jail, Plaintiff interacted with several officers while removing his clothing and personal effects.

Plaintiff then walked, without apparent difficulty, to a different area of the jail to continue the booking process. Plaintiff was seated in front of a window through which he could speak and interact with jail personnel. Several minutes later, Starrett, an inmate in a nearby holding cell, became "irate" and began causing a disturbance. Starrett apparently knew Plaintiff and was upset with Plaintiff. Defendants Mohney and Kindig attempted to de-escalate this situation but were hampered in their efforts by Plaintiff's continued interruptions. Plaintiff also refused multiple commands to "be quiet."

---

[3] While the incident report itself is unsworn, the individuals whose statements are reflected in the report, assert in affidavits that the statements in the incident report, attributable to them, are true and correct and based upon personal knowledge.

Jail officials, therefore, decided to move Starrett to a different cell. Before doing so, however, Defendants Mohney and Kindig instructed Plaintiff to move to a different location. Plaintiff repeatedly refused instructions to move. Defendants Mohney and Kindig were eventually compelled to grab Plaintiff under his arms, set him down on the floor, and drag him out of the way. A medical examination the following day revealed no evidence that Plaintiff had been injured or suffered trauma. A second medical examination, performed two days after the incident, likewise revealed no evidence that Plaintiff had been injured or suffered trauma.

Plaintiff has failed to respond to Defendants' motion and has, therefore, failed to present evidence creating a genuine factual dispute as to the version of events depicted by the evidence submitted by Defendants. Nonetheless, there are two statements from Plaintiff's deposition, relevant to this analysis, that merit examination.

At his deposition, Plaintiff disputed Defendants' version of events and instead insisted that Defendants Kindig and Mohney "body slammed" him. (ECF No. 79-4 at PageID.312). This allegation, however, is clearly refuted by the video evidence submitted by Defendants. Instead, the video evidence confirms the version of events as described by Defendants and other Deputies and articulated above. Plaintiff also asserted that he was unable to comply with Defendants' instruction to move because he was unable to walk under his own power. (ECF No. 79-4 at PageID.311). This assertion is also clearly refuted by the video evidence which shows Plaintiff walking into and through the jail without assistance or apparent difficulty.

As the Supreme Court has held, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Considering the video evidence submitted by Defendants, no reasonable juror could believe Plaintiff's allegation that he was "body slammed." Thus, Plaintiff's statements do not create a genuine factual dispute as to Defendants' actions. *See, e.g., Green v. Throckmorton*, 681 F.3d 853, 859 (6th Cir. 2012) ("where, as here, there is a videotape capturing the events in question, the court must view the facts in the light depicted by the videotape") (quoting *Harris*, 550 U.S. at 378-81).

Considering the totality of the circumstances from the perspective of Defendants Kindig and Mohney, no reasonable juror could find for Plaintiff. The evidence before the Court, even viewed in a light most favorable to Plaintiff, reveals that Plaintiff was actively refusing to comply with an instruction to move so that Starrett, who was causing a disturbance, could safely be moved to a different cell. The instruction to Plaintiff to move a short distance was eminently reasonable. Starrett was upset with Plaintiff and asking Plaintiff to move was a reasonable decision to secure the safety of Plaintiff and others. Plaintiff's assertion that he was unable to move under his own power is clearly refuted by the video evidence.

As Defendants correctly observe, "[a]t some point, in response to defiance and belligerence, officers are entitled to preserve internal order and discipline." *Hanson v. Madison County Detention Center*, 736 Fed. Appx. 521, 531-32 (6th Cir., May 22, 2018). Defendants' actions to move Plaintiff were necessary under the circumstances, and they were measured and restrained. Furthermore, the medical evidence refutes any assertion by Plaintiff that he was injured as a result of Defendants' actions. Accordingly, the undersigned recommends that Defendants' Kindig and Mohney are entitled to summary judgment.

**III.   Defendants' Motion to Dismiss**

On September 28, 2022, Defendants Kindig and Mahoney served on Plaintiff various discovery requests. (ECF No. 40 at PageID.123-40). Plaintiff failed to respond to this discovery, after which Defendants moved the Court for an Order compelling Plaintiff to respond. The undersigned granted Defendants' motion, ordering Plaintiff to "submit full and complete responses to Defendants' discovery requests" within 30 days. (ECF No. 55). Plaintiff was also expressly cautioned that:

> in the event [Plaintiff] fails to timely comply with this Order, the undersigned will, in response to a properly supported motion to dismiss, recommend that Plaintiff's remaining claims be dismissed for failure to prosecute, failure to participate in discovery, and failure to comply with the Court's Orders.

(*Id.*).

Asserting that Plaintiff failed to comply with the Court's Order, Defendants now move the Court to dismiss Plaintiff's remaining clams for failure to prosecute. Defendants also move the Court to impose sanctions on Plaintiff in the amount they reasonably expended to bring the present motion.  Plaintiff has failed to respond to Defendants' motion.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962).  This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629-30.  Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein.  See Fed. R. Civ. P. 41(b).

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered.  *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the undersigned to recommend, in the alternative, that Plaintiff's remaining claims be dismissed with prejudice for failure to prosecute. Plaintiff's failure to participate in discovery and prosecute his claims is willful and manifests bad faith. Moreover, Plaintiff was expressly warned that failure to comply with his discovery obligations may result in dismissal of his claims. Finally, the undersigned finds that under the circumstances a lesser sanction is insufficient.

Defendants have also moved to recover the expenses, specifically attorneys' fees, they incurred in filing the present motion. As Defendants note, recovery of the reasonable expenses incurred in bringing a motion to compel is generally required when a motion to compel is granted. *See* Fed. R. Civ. P. 37(a)(5). Pursuant to the Case Management Order, "[a]ll discovery motions" were to be filed by January 17, 2023. (ECF No. 13). The present motion was not filed until February 10, 2023. Accordingly, to the extent Defendants' motion is interpreted as a motion to compel under Rule 37, such is denied as untimely. As such, the undersigned recommends that Defendants' request to recover the expenses incurred in bringing the present motion be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Summary Judgment (ECF No. 74) be denied; Defendants' Motion to Dismiss (ECF No. 75) be granted in part and denied in part; Defendants' Motion for Summary Judgment (ECF No. 79) be granted; and this action terminated.

For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such by Plaintiff would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

        Respectfully submitted,

Date: March 28, 2023

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge