UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALONZO SHAFFER,

       Plaintiff,

                                         CASE NO. 1:22-cv-564

v.

                                         HON. ROBERT J. JONKER

UNKNOWN KINDIG, et al.,

       Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The matter before the Court is Magistrate Judge Green's Report and Recommendation (ECF No. 85) on Plaintiff Alonzo Shaffer's motion for summary judgment (ECF No. 74), Defendants' Motion to Dismiss (ECF No. 75), and Defendants' Motion for Summary Judgment (ECF No. 79). The Court has reviewed the Magistrate Judge's Report and Recommendation (ECF No. 85) and Plaintiff's Objections. (ECF No. 89). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

1

FED R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections.  The Court finds the Magistrate Judge's Report and Recommendation, which recommends denying Plaintiff's Motion for Summary Judgment (ECF No. 74), denying-in-part and granting-in-part Defendants' Motion to Dismiss (ECF No. 75), granting Defendants' Motion for Summary Judgment (ECF No. 79), and terminating this action, factually sound and legally correct.

## ANALYSIS

As set out in the Report and Recommendation, Plaintiff sued Berrien County, St. Joseph County, the St. Joseph County Sheriff Department, and two correctional officers, Unknown Kindig and Unknown Mahoney.  (ECF No. 1).  Plaintiff subsequently amended his Complaint, foregoing his claims against Berrien County and adding St. Joseph Count and the St. Joseph County Sheriff's Department.  (ECF No. 5).  The Court dismissed some of Plaintiff's claims on screening.  (ECF No. 8).  The only remaining claims are those against Defendants Kindig and Mohney for allegedly subjecting Plaintiff to excessive force during an encounter at the St. Joseph County Jail.  (*Id.*) Plaintiff has moved for summary judgment[1] and Defendants have responded in opposition (ECF No. 78).  Defendants have also filed to dismiss claims related to their alleged failure to participate in discovery and for summary judgment.  (ECF No. 79.)  Plaintiff had not responded to

---

[1] Plaintiff previously moved for summary judgment (ECF No. 57) which the Court denied (ECF No. 68) for the reasons detailed in the Magistrate Judge's Report and Recommendation (ECF No. 57).

2

Defendants' motion at the time the Report and Recommendation was filed but has since done so. (ECF 88.)

Plaintiff has filed a single-page objection which "grieves - **MOTION OUR COURTS TO OBJECT TO** Report & recommendation, to dismiss Shaffer Party Claims, When Evidence directly point To Wrong doing described in Complaint." (ECF No. 89, PageID.439.) (emphasis in original). This objection does not meaningfully respond to the Magistrate Judge's reasoning, nor does it raise any specific objection to the Report and Recommendation. An objection which is not "clear enough to enable the district court to discern those issues that are dispositive and contentious," is insufficient to permit review of the magistrate judge's report. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Thus, a "general objection to a magistrate's report, which fails to specific the issues of contention, does not satisfy the requirement that an objection be filed" to merit de novo review. *Id.* Plaintiff's Objection clearly fails to meet this standard. To the extent that the Court needs to reach Plaintiff's general objection that the Magistrate Judge reached the incorrect conclusion in the Report and Recommendation, the Court disagrees with Plaintiff. As the Magistrate Judge noted, Plaintiff's Motion for Summary Judgment is a single page. (ECF No. 74). Plaintiff's Objection provides nothing that can be construed as additional evidence in support of his motion. The Magistrate Judge is correct that Plaintiff has failed to establish that he is entitled to the relief he seeks.

To the extent that the objection can be construed as responding to the Magistrate's recommendation regarding Defendants' motions, the Court disagrees that the Complaint provides evidence. Nor does Plaintiff's response in opposition[2] materially change the analysis. Plaintiff

---

[2] This was docketed as a "motion for sanctions and to bar sanctions" but Defendants' request for sanctions and motion to dismiss are one and the same. (ECF No. 75.)

alleges without proof that the video evidence has been altered or slowed. (ECF No. 88, PageId.564.) Rather than provide evidence himself, Plaintiff requests that Defendants send him and the Court "full 28 cds with ambulance ambulance Paramedics Assistance inside of jail" and "footage of Shaffer Party crawling on hands knees." (*Id.*) (sic). However, as the Magistrate notes, the video footage provided shows Plaintiff walking without assistance, clearly refuting Plaintiff's assertion that he could not move without assistance. (ECF No. 85, PageID.421). While the Court is required to view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in his favor, where video depicts the incident in question, we "view []the facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 381 (2007); *see also Pukas v. Delaware County*, No. 22-3390, __ F.4th __, *8 (6th Cir. Jan. 5, 2023). None of Plaintiff's objections change the fundamental analysis. For the very reasons the Report and Recommendation details, Defendants are entitled to the relief they seek, except as to sanctions, and Plaintiff is not.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 85) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 74) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 79) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 74) is **GRANTED-IN-PART** and **DENIED-IN-PART** as described in the Report and Recommendation (ECF No. 85.)

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanction (ECF No. 88) is **DENIED**.

This action is terminated.  A separate judgment shall issue.

IT IS SO ORDERED.


DATED:  April 18, 2023                        /s/ Robert J. Jonker
                                              ROBERT J. JONKER
                                              UNITED STATES DISTRICT JUDGE